IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Cause No:_____

| | | |
|---|---|---|
| Margaret Cimini, | ) | In a petition for removal from the |
| | ) | Probate and Family Court of |
| Plaintiff (Respondent below), | ) | Middlesex County, Massachusetts |
| | ) | |
| v. | ) | |
| | ) | |
| Mark Cimini, | ) | State court cause no.: 9?-4115-?v1 |
| | ) | |
| Defendant (Petitioner below), | ) | |
| | ) | |
| and, in re: the support and welfare | ) | |
| of Jonathan Cimini. | ) | Honorable Judge |

## Memorandum Of Law Regarding Retention Of Jurisdiction

Comes now the Defendant, Mark Cimini, and in direct support of his memorandum supporting retention of jurisdiction in this cause, alleges, states, and provides the following:

There are specifically three (3) cases from the United States Supreme Court that express and control the decision of whether remand to the state court, considering the facts, allegations, and claims made in this cause, is even possible or proper. The inescapable confirmation is that jurisdiction by this Court must be retained in this cause, and that remand to the state court is specifically improper in this situation.

In *Thermtron Products, Inc., v. Hermansdorfer*, 423 U.S. 336 (1976), the United States Supreme Court clarified: *"Removal of cases from state courts has been allowed since the first Judiciary Act, and the right to remove has never been dependent on the state of the federal court's docket. It is indeed unfortunate if the judicial manpower provided by Congress in any*

1

*district is insufficient to try with reasonable promptness the cases properly filed in or removed to that court in accordance with the applicable statutes. But an otherwise properly removed action may no more be remanded because the district court considers itself too busy to try it than an action properly filed in the federal court in the first instance may be dismissed or referred to state courts for such reason. McClellan v. Carland, 217 U.S. 268 (1910); Chicot County v. Sherwood, 148 U.S. 529 (1893); Hyde v. Stone, 20 How. 170 (1858)."* Thermtron, at 345.

Certainly, in this case, there has never been, and will never be, any thought expressed in regards to the Court's docket being any consideration in whether to remand. Thermtron just happened to be concerned with that issue as the major question at play. In considering the merits of Thermtron, as in this case also claiming federal subject-matter jurisdiction, the United States Supreme Court further admonished: *"We agree with Defendants: The District Court exceeded its authority in remanding on grounds not permitted by the controlling statute."* At this very point, the Court also added Footnote #9, which provides additional instruction herein: *"[ Footnote 9 ] Lower federal courts have uniformly held that cases properly removed from state to federal court within the federal court's jurisdiction may not be remanded for discretionary reasons not authorized by the controlling statute. Romero v. ITE Imperial Corp., 332 F. Supp. 523, 526 (PR 1971); Isbrandtsen Co. v. Dist. 2, Marine Engineers Ben. Assn., 256 F. Supp. 68, 77 (EDNY 1966); Davis v. Joyner, 240 F. Supp. 689, 690 (EDNC 1964); Vann v. Jackson, 165 F. Supp. 377, 381 (EDNC 1958)."*

In Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988), the United States Supreme Court distinguished the Thermtron holding, in order to provide for **the possibility** of remand to the state court, upon a showing that – first – all federal claims had been eliminated, and that there still were – and *only* were – state law claims remaining to be tried or otherwise disposed of. Such

a set of conditions is expressly not the situation in the instant cause for removal, and the allowed "possibility" of remand is, therefore, not applicable to the matters at hand, as the undersigned Defendant have "well-pleaded" more than sufficient claims under the various Amendments to the United States Constitution, and under various other federal laws and rights.

On point with the instant cause, the decision in *Cohill* further clarified the distinguishment made by that Court: "*In Thermtron, a District Court remanded a properly removed case to state court on the ground that the federal docket was overcrowded. This Court held that the remand was improper. In so doing, the Court stated several times that a district court may not remand a case to a state court on a ground not specified in the removal statute. See id., at 345. See also id., at 345, n. 9*" [the aforementioned 'Footnote #9'] *Cohill*, at 355.

While *Cohill* did, in fact, involve combined claims under federal and state law, and discussed the possibility of remand being allowed or proper in such situations, it in no way addressed such patently obvious subject-matter jurisdiction of the federal judiciary as flagrant violations committed against civil rights and the United States Constitution. In *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995), the United States Supreme Court then further distinguished the differences of claims made under cases alleging either or both of state and federal law: "*We observed that a remand order other than the orders specified in subsection* [28 USC § 1447] *(c) had "no warrant in the law" and could be reviewed by mandamus.*"

The conclusion is that this case, being an action brought primarily to vindicate rights secured under federal law and the United States Constitution, cannot properly be remanded to the state court under holdings in *Thermtron*, *Cohill*, and *Things Remembered*, and in any case, that remand to the very state court that has – itself – been charged as one of the leading perpetrators of such egregious violations against the statutory and common law cannot be *reasonably* done

under the hallmarks of justice which properly befit this Honorable Court and the common reputation of the federal judiciary as being the "bulwark of rights held under the Constitution".

Claims made under the "laws, treaties, and Constitution of the United States" are clearly original subject-matter jurisdiction of the federal courts, and also as a matter of first impression.

Remand to the state court would be egregiously improper, considering the circumstances, and this Court has full and proper jurisdiction for the disposition of all claims and matters now before it, and has the full authority to resolve and vindicate the Defendant's rights and claims herein.

WHEREFORE, the undersigned Defendant-Petitioner, Mark Cimini, now prays for the Court's confirmation in retaining jurisdiction in this cause, for awards of the various relief sought, and to be sought, herein, and for all other relief deemed just and proper in the premises.

Respectfully submitted,

_____
Mark Cimini

### CERTIFICATE OF SERVICE

I hereby certify that, on this 27th day of January, 2004, a true and complete copy of the foregoing memorandum, by depositing the same in the United States mail, postage prepaid, has been duly served upon all parties of record in the lower state proceedings.

_____
Mark Cimini

Mark Cimini
12 Maple Road
Westford, MA 01886
(978) 692-4556
m.cimini@att.net