IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Cause No:_____

| | | |
|---|---|---|
| Margaret Cimini, | ) | In a petition for removal from the |
| | ) | Probate and Family Court of |
| Plaintiff (Respondent below), | ) | Middlesex County, Massachusetts |
| | ) | |
| v. | ) | |
| | ) | |
| Mark Cimini, | ) | State court cause no.: 97D-4115-DVI |
| | ) | |
| Defendant (Petitioner below), | ) | |
| | ) | |
| and, in re: the support and welfare | ) | |
| of Jonathan Cimini. | ) | Honorable Judge |

## Memorandum In Support Of Petition For Removal

Comes now the Defendant, Mark Cimini, and in direct support of his petition for removal of the instant state proceedings, herein states and provides the following:

This Honorable Court *may*, at first impression, pause to question whether removal of these state proceedings is legally permissible, in light of a reasonable comparison to the venerable "domestic relations exception" that is sometimes raised in diversity actions, notwithstanding that there are, otherwise, obvious tort and constitutional grounds that *do* supply federal jurisdiction.

Fortunately, the answer *is* yes, and the source and support in that remedy is in the two key facts that combine to not only *permit* this particular type of removal action, but, in fact, even *uphold* removal of this type of cause under well-established Circuit and Supreme precedent.

First, the Defendant is expressly *not* asking this Court, nor seeking in *any* way, to *issue* any divorce, alimony, or child custody decrees. This would be recognized as an improper intrusion against federalism and comity concerns for original state jurisdiction over what is considered

1

basic matters of family law. <u>Ankenbrandt v. Richards</u>, 504 U.S. 689 (1992). Had this removal action been brought under the guise of "appeal" to review strictly family matters already established under state law, abstention *may* have been more appropriate.

However, the choice of <u>Ankenbrandt</u>, along with its predecessors and progeny, absolutely **confirm** that the only correct course of action here is to uphold removal, and to also vindicate the undersigned's rights and damages against the Respondent and the collateral parties.

In <u>Ankenbrandt</u>, the United States Supreme Court clearly explained: *"The <u>Barber</u> Court thus did **not** intend to strip the federal courts of authority to hear cases arising from the domestic relations of persons unless they seek the granting or modification of a divorce or alimony decree."* (emphasis added). They further added, *"By concluding, as we do, that the domestic relations exception encompasses **only** cases involving the issuance of a divorce, alimony, or child custody decree, we necessarily find that the Court of Appeals **erred** by affirming the District Court's invocation of this exception."* (emphasis added). In <u>Ankenbrandt</u>, they also provided several other cases that should prove instructive to this Court, including: <u>Cole v. Cole</u>, 633 F. 2d 1083 (CA4 1980) (holding that the exception does not apply in tort suits stemming from custody and visitation disputes); <u>Drewes v. Ilnicki</u>, 863 F. 2d 469 (CA6 1988) (holding that the exception does not apply to a tort suit for intentional infliction of emotional distress); and, <u>Lloyd v. Loeffler</u>, 694 F. 2d 489 (CA7 1982) (holding that the exception does not apply to a tort claim for interference with the custody of a child).

Moreover, in <u>City Of Chicago v. Intern'l College Of Surgeons</u>, 522 U.S. 156 (1997), the Court held that <u>*"A case containing claims that local… action violates federal law, but also containing state law claims for on-the-record review…, can be removed to federal district court."*</u> They also added that, *"Defendants generally may remove any civil action brought in a State court of which*

*the [federal] district courts... have original jurisdiction. 28 U.S.C. § 1441(a). The district courts' original jurisdiction encompasses cases arising under the Constitution, laws, or treaties of the United States, §1331, and an action satisfies this requirement when the plaintiff's well-pleaded complaint raises issues of federal law,* Metropolitan Life Ins. Co. v. Taylor, *481 U.S. 58, 63."*

In Chicago, the Supreme Court again provided another listing of cases supporting the fact that the instant case can, should, and must be allowed removal, including: Franchise Tax Board, 463 U.S., at 13; see also id., at 27-28 (case arises under federal law when federal law creates the cause of action or... the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law); Gully v. First Nat. Bank in Meridian, 299 U.S. 109, 112 (1936) (federal question exists when a right or immunity created by the Constitution or laws of the United States [is] an element, and an essential one, of the plaintiff's cause of action); Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966); Hurn v. Oursler, 289 U.S. 238 (1933); Siler v. Louisville & Nashville R. Co., 213 U.S. 175 (1909); and, Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 350-351 (1988) (discussing pendent claims removed to federal court).

In Chicago, the Supreme Court again explained what enables removal in state cases that have been already ongoing: *"The whole point of supplemental jurisdiction is to allow the district courts to exercise pendent jurisdiction over claims as to which original jurisdiction is lacking."*

In Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381 (1998), the United States Supreme Court reiterated the same principles: *"We have suggested that the presence of even one claim "arising under" federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal. See Chicago v. International College of Surgeons, 522 U.S. \_\_\_, \_\_\_ (1997) (slip op., at 7-9)."*; and they again provided **even more** cases instructive in the instant situation, including: Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58

3

(1987); *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 7-12 (1983); *Phelps v. Oaks*, 117 U.S. 236, 240-241 (1886); and *Kanouse v. Martin*, 15 How. 198, 207-210 (1854).

The Seventh Circuit Court of Appeals has confirmed the above principles, by listing **even more cases** in *Maris Friedlander, Aka Maris Freed, Et Al. v. Burton G. Friedlander*, 98-1391 (CA7), that support removal in the instant matter, by stating: *"The only question is whether the domestic relations exception to the diversity jurisdiction bars the suit. That it does not is clear from our decision in Lloyd v. Loeffler, 694 F.2d 489 (7th Cir. 1982), which involved a suit for interference with custody, and from many subsequent decisions, such as McIntyre v. McIntyre, 771 F.2d 1316 (9th Cir. 1985); DeRuggiero v. Rodgers, 743 F.2d 1009, 1018-20 (3d Cir. 1984), and Stone v. Wall, 135 F.3d 1438 (11th Cir. 1998), all similar to Lloyd--and, better yet, from Raftery v. Scott, 756 F.2d 335, 337-38 (4th Cir. 1985), and Drewes v. Ilnicki, 863 F.2d 469 (6th Cir. 1988), both cases like this one of intentional infliction of emotional distress."*

28 USC § 1443 provides for the vindication of rights, and for relief for any person "who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof"

The second paragraph of 28 USC § 1446(b) provides **additional** events, other than original actions, wherein a defendant may remove a state court action into a federal district court.

Furthermore, the Defendant again <u>expressly</u> clarifies to the Court that he is **not** seeking "the granting or modification of a divorce, alimony, or custody decree." The Defendant is strictly removing the instant state court action into the jurisdiction of this federal court, for the express vindication of his civil and constitutional rights, as well as the reciprocal rights of his minor child, and for various damages of awards for general malfeasance and federal torts committed by

the Respondent and collateral parties to the instant state action, including, but not limited to: numerous violations of civil and constitutional rights; interference with visitation and custody of minor child; interference with strict parental rights; abuse and neglect thrusted upon the minor children, and conspiracies to conceal and shelter the same; Common Law rights fraud; general fraud; child support fraud; refusals to obey mandatory requirements under conflicts of interest and other state laws; equal custody rights; sheltering of the Respondent's criminally violent attacks against this Defendant; multiple illegal evictions performed against this Defendant and his minor children; threats; intimidation; failure of the branches to maintain proper separation of powers; abuses of power; and other associated manifest injustices committed by the Respondent and certain collateral parties to the instant state action.

The exact details of the above torts, civil rights claims, associated actions, and petitions for various awards of damages and other relief, should not be expressly necessary for this Court to exercise its jurisdiction to now remove the instant state proceedings, but will be provided soon in full for the Court's convenience, and for further and proper notices to the Respondent and said collateral parties.

WHEREFORE, the undersigned Defendant, Mark Cimini, now prays for removal of the above-encaptioned state court proceedings into, and under, the jurisdiction of this United States District Court, with all speed, for findings and confirmations of various violations against civil rights, constitutional rights, for various awards of damages against the Respondent and collateral parties for numerous constitutional torts and general malfeasance against both the undersigned and his minor child, and for all other relief deemed just and proper in the premises.

Respectfully submitted,

*/s/ Mark Cimini*
Mark Cimini

## CERTIFICATE OF SERVICE

I hereby certify that, on this _____ day of January, 2004, a true and complete copy of the foregoing memorandum, by depositing the same in the United States mail, postage prepaid, has been duly served upon all parties of record in the lower state proceedings.

*/s/ Mark Cimini*
Mark Cimini

Mark Cimini
12 Maple Road
Westford, MA 01886
(978) 692-4556
m.cimini@att.net

6