**District Court of the United States**
**Massachusetts District**

Margaret Cimini,

        Plaintiff,

Vs.

Mark Cimini

        Defendant,

CASE No. 05-10125 RCL

**Defendant's**
**Response to Notice of Appearance**

State court cause no.:   97D-4115-DV1

That the defendant is responding to the extremely untimely Notice of Appearance motion from the Commonwealth. This motion should be ignored by the court. Specifically:

1.) The Defendant is domiciled in and is a citizen of Commonwealth of Massachusetts (*hereafter Commonwealth*) and the United States.

2.) Please note that I have filed a motion back in April entitled, "A Petition for Summary or Default Judgement." I stand by this motion.

3.) The motion for contempt was sent to all parties via registered mail (including the Massachusetts Department of Revenue (*hereafter DOR*) on or about April 22nd. Defendant has a copy of the return receipt from the DOR.

4.) The time to reply to the motion of contempt expired the second week in May. No reply was made by any parties, e.g., either the DOR or the Commonwealth.

5.) qui tacet consentire videtur: He who keeps silent is assumed to consent; silence gives consent.

6.) I have repeatedly provided notice to the DOR that I dispute any "child support" amounts and demanded a jury trial to settle the dispute.

7.) The Federalist Papers clearly define the ancient right to jury trial in all civil matters as a check on government tyranny. That the legislature can not bargain away that right. Nor should it be expected that the right to the reinstatement of jury trials should be left up to the whims of the state legislature. Juries are empowered to judge both the facts and the law.

8.) Only because the Commonwealth has denied sovereign citizens the right to a jury trial over a Common Law Contract, i.e., marriage and the disposition of Common Law Property, i.e., children, do these outrageous inequities thrive. The Constitution[1] and Federalist Papers clearly call for the right for a jury trial for all civil matters. It was noted in the original pleadings that prior to the introduction of the foreign concept know as "Tender Years" doctrine by the judiciary, the Common Law did not permit any judicial discretion in the matter of the "title to the custody" of children in divorce. Put simply, the dispute over a Common Law Contract, of Common Law Property, and of money greater that twenty-dollars must fall under the Common Law right to a trial by jury.

9.) The Commonwealth of Massachusetts has continued to harass and threaten me since my initial filing to this court back in January rather that file timely responses to motions. As I understand Federal Law, once this case was removed to Federal Court all state actions were to have stopped. Instead the Commonwealth continues to act to collect the child support monies for their own enrichment. For example, again increasing the garnishment of my paycheck (6/18/05) without stating a claim or providing me with the option of a jury trial.

10.) The Commonwealth has failed to show or address why at this late date (well more than a month beyond the response deadline) any motion should be entertained by this court.

11.) The Commonwealth needs to show why they should be considered a party of interest in these matters beyond the contempt charge, for which they are in default

12.) Despite that this is a dispute of money/property over twenty dollars I am not permitted a jury trial; only a hearing where DOR is the *accuser, prosecutor, judge, and jury*. That these unlawful acts by the Commonwealth lack even a hint of Due Process as required by the US Constitution. Additionally, the DOR is doing this for the Commonwealth's enrichment and the issue of conversion as outlined in my initial pleadings.

13.) There is established case law in the Commonwealth that permits jury trial over the issue of child support. In *Reynolds v. Sweeter*, 81 Mass. 78, a jury trial award for disputed child support was overturned by Justice Holmes since the Father was the innocent party in the divorce. The State is not at liberty to remove the right to a trial by jury. *Reynolds, supra,*

---

[1] In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

**Response to Notice of Appearance**

clearly showed that the jury trial had been a right for disputed child support amounts in the Commonwealth.

14.) Additionally, when the state took the property (i.e., retirement funds) to pay off the alleged debt, they did not show proof of bond per UCC-3-501 nor did they supply a proper legal delegation of authority, i.e., a judge's signature. Since the DOR is under the Executive Branch, they do not have the power in this Constitutional Republic to authorize the taking of property/money without a judge's signature. To allow this behavior would eliminate the need for a Judicial Branch.

15.) Underpinning of Defendant's position is found in at least the rights to a trial by jury, Happiness, Liberty, and Property in the United States Constitution, and First, Fifth, Eighth, Ninth, the original Thirteenth, and Fourteenth Amendments to the United States Constitution as well as Common Law (Federally secured rights under Article 1, Section 9, Clause 2 and Amendment VII).

16.) Given that the issues raised clearly encompass Constitutional issues, Federally Protected Zones, and Common Law this court has clear jurisdiction as outlined in the original pleadings.

17.) That the courts would be betraying me, acting outside of law, and wasting taxpayer money if they were to proceed with the above action given that there has been no answer.

**Wherefore,** defendant Mark Cimini comes before the above mentioned court and puts himself upon the law for substantial justice and prays for judgment:

1. To review the major prayers for judgement:
   - The Commonwealth, lacking any need to rescue the child, can not use the current vague, Unconstitutional state imposed "Best Interest of the Child" ideology and must treat parents equally whether divorced or married.
   - Jonathan, age 12 and two months, Defendant and Plaintiff's son, should be unconditionally set free and allowed to make his own decision regarding his domicile.

- That all claims to child support be voided in ab initio, null in the first instance, with a bar to future prosecution with extreme prejudice.
- That defendant unconditionally be set free and summary judgement for the plaintiff in all related matters should be granted,
- The court should affirm Defendant's Constitutional and Common Law Rights,

2. That this court ignore any further attempts by any parties to thwart and pervert the course of justice.

3. That this court grant any other further relief that this court deems fair, proper, and just.

DATED: 19 June 2005
SEAL:

                                Dated this 19 June 2005

                                *Mark Cimini* (signature)
```
                              Mark Cimini
                              Pro Se, Sui Juris
                              Middlesex County Judicial District
                              12 Maple Road
                              Westford, MA [01886]
                              (978) 692-4556
```

## CERTIFICATE OF SERVICE

I hereby certify that, on this __19__ day of June, 2005, a true and complete copy of the foregoing Response to Notice of Appearance, by depositing the same in the United States mail, postage prepaid, has been duly served upon all parties of record in the lower state proceedings, to-wit:

Margaret Cimini
5 Sand Beach Road
Westford, MA 01886

Annapurna Balakrishna
Assistant District Attorney
One Ashburn Place
Boston, MA 02108-1598

and, that the same is being also filed this same date within the lower state trial court proceedings.

*/s/ Mark Cimini*
Mark Cimini

Mark Cimini
12 Maple Road
Westford, MA 01886
(978) 692-4556
m.cimini@att.net