8.) Only because the Commonwealth has denied sovereign citizens the right to a jury trial over a Common Law Contract, i.e., marriage and the disposition of Common Law Property, i.e., children, do these outrageous inequities thrive. The Constitution[1] and Federalist Papers clearly call for the right for a jury trial for all civil matters. It was noted in the original pleadings that prior to the introduction of the foreign concept know as "Tender Years" doctrine by the judiciary, the Common Law did not permit any judicial discretion in the matter of the "title to the custody" of children in divorce. Put simply, the dispute over a Common Law Contract, of Common Law Property, and of money greater that twenty-dollars must fall under the Common Law right to a trial by jury.

9.) The Commonwealth of Massachusetts has continued to harass and threaten me since my initial filing to this court back in January rather that file timely responses to motions. As I understand Federal Law, once this case was removed to Federal Court all state actions were to have stopped. Instead the Commonwealth continues to act to collect the child support monies for their own enrichment. For example, again increasing the garnishment of my paycheck (6/18/05) without stating a claim or providing me with the option of a jury trial.

10.) The Commonwealth has failed to show or address why at this late date (well more than a month beyond the response deadline) any motion should be entertained by this court.

11.) The Commonwealth needs to show why they should be considered a party of interest in these matters beyond the contempt charge, for which they are in default

12.) Despite that this is a dispute of money/property over twenty dollars I am not permitted a jury trial; only a hearing where DOR is the *accuser, prosecutor, judge, and jury.* That these unlawful acts by the Commonwealth lack even a hint of Due Process as required by the US Constitution. Additionally, the DOR is doing this for the Commonwealth's enrichment and the issue of conversion as outlined in my initial pleadings.

13.) There is established case law in the Commonwealth that permits jury trial over the issue of child support. In *Baldwin v. Foster*, 138 Mass. 449, a jury trial award for disputed child support was overturned by Justice Holmes since the Father was the innocent party in the divorce. The State is not at liberty to remove the right to a trial by jury. *Baldwin, supra,*

---

[1] In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

Response to Notice of Appearance