**District Court of the United States**
**Massachusetts District**

| | |
|---|---|
| Margaret Cimini, | CASE No. 05-10125 (WGY) (RCL) |
| Plaintiff, | Defendant's Response to Order of Re-assignment |
| Vs. | |
| Mark Cimini | State court cause no.:  97D-4115-DV1 |
| Defendant, | |

Now comes the Defendant, Mark Cimini and submits to this Honorable Court additional information with regard to my pleadings:

1.) That I am the Defendant in the above entitled matter, **Mark Cimini**, not Michael Cimini as stated in the Order for Re-assignment.

2.) The Order for Re-assignment needs to be corrected.

3.) The Defendant is domiciled at 12 Maple Road, Westford, MA and is a citizen of Massachusetts and the united States and is of sound mind and fully competent to make these claims.

4.) The Default judgement was properly served on or about June 18th, is procedurally valid, is controlling, the court must adhere to procedure, and I am due a remedy. *The court now has a duty and a requirement to address the **default** and keep to Process and Due Process.*

5.) Numerous Process and Due Process violations are recorded in the state proceedings.

6.) In the state court proceedings, abuse against Jonathan Cimini, the parties' minor child, while in the Plaintiff's care has been presented and never refuted.

7.) That Jonathan Cimini, the minor child in question, has repeatedly told me that he wishes to live with me, his step-mother, and sister at 12 Maple Road. Jonathan has said he wishes to visit his mother, picking the times and extent based on circumstances and the use of his own free will.

8.) Jonathan has informed his mother of his desire to live with the defendant and his family and to visit his mother.

9.) Jonathan has read and agreed with the above two statements.

10.) Jonathan's psychologist has also heard these claims.

11.) It is my firm belief that the cases of abuse described in some detail in the state court proceedings and the environment at Plaintiff's house are the reason for Jonathan's wish for control over his exposure to the Plaintiff and her situation.

12.) I've claimed in my pleadings that the process of child custody determination in Massachusetts promotes gender based relationship fraud, violates reproductive rights, violates multiple Due Process rights, violates multiple Constitutional provisions, violates multiple Supreme Court rulings on the subject, that the invalidating all precedence of established family law prior to approximately 1974 is also a violation of the rule of law, complained of overt gender discrimination within the courts and within the way the laws themselves are written, and the strict rules for the succession of "title to the custody" in divorce cases at the signing of the Constitutions, US and Commonwealth, were made AT LAW in courts of joint Equity and Common Law jurisdiction in Massachusetts[1] regarding Common Law property, see *Commonwealth v. Briggs*, 33 Mass. 203, 1834. That the current system is kept in place despite overwhelming public mandate, i.e., voter referendum, to change shows a state enrichment interest over the rights of the people.

13.) Since there are inconsistencies between multiple Supreme Court decisions and the actions of the State Courts, it is incumbent upon the Federal Judiciary to resolve these issues. For example in *Parham v. J.R.*, 442 U.S. 584 (1979), the Supreme Court decidedly stated that the statist notion of judicial best interest is "repugnant" to American jurisprudence.

14.) In *Catz v. Chalker,* 142 F.3d 279 (C.A.6 (Ohio) 1998), the court was presented a constitutional claim in which it was incidental that the underlying action involved a divorce. The domestic relations exception has no generally recognized application as a limitation on federal question jurisdiction; it applies only as a judicially implied limitation on diversity jurisdiction. *U.S. v. Johnson*, 114 F.3d 476 (C.A.4 (Va.) 1997).

15.) And again, in *Thomas v. New York City*, 814 F.Supp. 1139 (E.D.N.Y.), the lower court concluded that the issue of "whether the state's procedure used to separate parent from child complie[d] with constitutional due-process requirements [was] squarely within [the] court's

federal question jurisdiction," and the determination of the issue did "not entail any investigation into the fitness of the parent to care for child, or into the decree."

16.) In April of 2004, when I filed for change of custody I was denied the right to be put on the docket since I was "not an attorney." A clear violation of Procedure and Due Process.

17.) I have made monetary claims and called for punitive damages or other legal relief.

18.) Gender based discrimination, property rights, and fraud (i.e., relationship fraud) all have connections to common-law tort and rights to jury trials. The Federal equal rights statute, 42 U.S.C. § 1981 (Equal rights under the law), also has been interpreted to confer a right to a jury trial. See Laskaris v. Thornburgh, 733 F.2d 260, 263 (3d Cir.), cert. denied, 469 U.S. 886, 105 S.Ct. 260, 83 L.Ed.2d 196 (1984) ("A party seeking compensatory and punitive damages or other legal relief under 42 U.S.C.§ 1981 has a right to a jury trial").

19.) In the Federalist papers it is noted that several state only had courts of Common Law yet it should be noted that they too exercised the exact same rules of succession of title in the cases of divorce. It was also noted in the same Federalist Papers that Massachusetts had courts of joint jurisdiction and the concern was voiced that all matters would migrate to equity thereby having the potential of rendering trial by jury an anachronism. Disputes over Common Law property have a Constitutionally protected a right to a trial by jury if the Common Law rules of succession are no longer followed.

20.) Federal District Court also has subject-matter jurisdiction over claims seeking relief from family-court orders which emanated under procedures that allegedly violated due process, equal protection, and other federal statutes such as the sec. 1983 civil rights statute. Agg v. Flanagan, 855 F.2d 336, 339 (C.A.6 (Ohio) 1988). Where Agg had been brought under sec. 1983 and alleged deprivation of federal constitutional rights and state procedures that were contrary to federal law and thus invalid under the supremacy clause, the domestic relations exception doctrine, which concerned federal jurisdiction based on diversity, did not apply. Id. at 339. "[J]urisdiction [ ] was therefore proper under 28 U.S.C. sec. 1331 or sec. 1343." U.S. Const. Art. 6, cl. 2; Amends. 5, 14.

21.) The state courts have violated Procedure in dealing with my pleading thereby making the Federal courts the only recourse for remedy.

---

[1] It should be noted that identical Common Law custody decisions were made AT LAW in several states at the signing of the

# CERTIFICATE OF SERVICE

I hereby certify that, on this 28th day of June, 2005, a true and complete copy of the foregoing Motion for Default, by depositing the same in the United States mail, postage prepaid, has been duly served upon all parties of record in the lower state proceedings, to-wit:

Margaret Cimini
5 Sand Beach Road
Westford, MA 01886

and, that the same is being also filed this same date within the lower state trial court proceedings.

*Mark Cimini*
Mark Cimini

Mark Cimini
12 Maple Road
Westford, MA 01886
(978) 692-4556
m.cimini@att.net

22.) That all information in this motion is true to the best of my knowledge and I make it freely, voluntarily, without coercion or intimidation and is not made to prejudice the Defendant in this case.

Signed this 28th day of June 2005 under the pains and penalty of perjury.

DATED: 28 June 2005
SEAL:

Dated this 28 June 2005

*Mark Cimini*
Mark Cimini
Pro Se, Sui Juris
Middlesex County Judicial District
12 Maple Road
Westford, MA [01886]
(978) 692-4556

Constitution where there were no courts of equity. The lack of equity courts in some states is noted in the Federalist papers.