UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARGARET CIMINI,
Plaintiff,

v.

MARK CIMINI,
Defendant.

C.A. No. 05-10125-WGY

MEMORANDUM AND ORDER FOR REMAND

For the reasons stated below: (1) This action is REMANDED to the Probate and Family Court for Middlesex County; and (2) Mark Cimini's Motion for Summary Judgment (#7), Motion for Contempt (#8), and Motion for Default Judgment (#13) are denied without prejudice in view of the Remand.

BACKGROUND

I. Prior Litigation

On January 4, 2005 Plaintiff Mark Cimini ("Cimini")filed a pleading entitled "Complaint in the Nature of a Petition for Writ of Mandamus and to Invoke the General Superintendence of the Court." The Complaint named his former wife, Margaret Cimini, Judge Edward Donnelly of the Massachusetts County Probate and Family Court, Judge Ireland of the Supreme Judicial Court, and the Commonwealth as defendants. The complaint alleged, *inter alia*, that Cimini's constitutional due process

and equal protection rights[1] were violated by the state courts, in connection with the child custody determinations made by the Probate Court, and the subsequent denial of his appeal by the Supreme Judicial Court.

On September 22, 2004, Cimini filed in the Probate Court, a Petition for Writ of Habeas Corpus for his minor child (Docket No. 97D-4115-DV1). That petition was dismissed by Justice Donnelly on September 23, 2004 without a hearing, for failure to state a claim upon which relief may be granted (Decree on Petition for Writ of Habeas Corpus, dated September 23, 2004, page 1). Justice Donnelly rejected Cimini's citations to 18th and 19th century common law regarding the presumptive right of the father to custody of his minor children, and further found that the mother of the child had the same custody rights as the father, pursuant to the divorce decree. Id. He therefore found that Cimini's child was not illegally detained by the mother, since she had the legal right to physical custody of the minor child. Id.

On October 7, 2004, Cimini filed an "Order to Show Cause Against Judge/Justice Edward F. Donnelly." On October 19,

[1]Cimini alleges that " It has become public knowledge that the courts of the Commonwealth are unfair and biased against male litigants." No factual support for this contention, nor any facts that this applied specifically to Cimini's case, has been shown.

2004, he filed an Appeal of the Dismissal of the Habeas Corpus petition with the Massachusetts Supreme Judicial Court (SJC). On November 24, 2004, Judge Ireland of the SJC denied the petition for appeal of the Probate Court dismissal without a hearing. Cimini then filed a request for reconsideration. On December 15, 2004, Judge Ireland denied the request, which prompted Cimini's filing in this Court.

Cimini's Complaint contested, *inter alia*, the denial of his property (i.e. his children), claiming this to be an unlawful taking. (Compl. ¶¶3-6). He further contended the Probate Court failed to acknowledge English Common Law that his children are his property and that the Commonwealth engaged in the unlawful taking of his property. (Compl. ¶¶21-25). With respect to his ex-wife, Cimini claimed she was immoral and was abusive and neglectful of his son Jonathan.

Cimini then included several pages of "Issues" such as "Who has Common Law title to my son Jonathan?"; "By what right does the Commonwealth mandate I treat my two children differently, e.g., is my daughter a 'child of a lesser god', or entitled to less Constitutional protections because of the order of her birth?"; (Compl. ¶28). Other questions include "...by what right does the Commonwealth redefine family from the Common Law definitions and protections?"; "...what religion

is the state imposing on its citizens?"; "If the right to children is not an unalienable right, what is an unalienable right?" (Compl. ¶28). The remainder of the Complaint outlines the alleged "Transgressions" of both Justice Donnelly and Judge Ireland in connection with their rulings.

On January 11, 2005 this Court issued a Memorandum and Order (#5) directing dismissal of this action *sua sponte*, on numerous grounds, including: (1) Cimini's Complaint failed to comply with both Rule 8(a) and Rule 11 of the Federal Rules of Civil Procedure; (2) this Court lacked subject matter jurisdiction over Cimini's Petition for Writ of Mandamus to review the decisions of state courts; and (3) This Court also lacked jurisdiction to grant habeas relief over the child custody dispute. Additionally, to the extent Cimini sought to bring claims under 42 U.S.C. § 1983 for civil rights violations, those claims were dismissed because Judges Donnelly and Ireland were entitled to absolute judicial immunity, and the Commonwealth of Massachusetts and its Courts were entitled to Eleventh Amendment immunity. With respect to Cimini's state-law claims against his child's mother, Margaret Cimini, this Court lacked jurisdiction under the "domestic-relations" exception.

Cimini did not file an Appeal of the dismissal.

II. The Removed Action: C.A. 05-10125-WGY

Apparently upon the heels of dismissal of the earlier case, Cimini, on January 20, 2005, removed the case involving his wife, Margaret Cimini, which was pending in the Probate and Family Court of Middlesex County. Cimini paid the removal fee of $150.00.[2]

Again, Cimini's filings are not entirely incoherent or organized. Additionally, he fails to provide the underlying pleadings in the state court action, in violation of Local Rule 81.1. From what can be gleaned from the pleadings in support of removal, including a Petition to Amend and a Motion for Contempt against the Mass. Department of Revenue, et al. (#8), a Motion for Summary Judgment (#7), and a Motion for Default (#13), Cimini is again attempting to litigate both the child custody issues as well as the support issues, which were the subject matter of the state probate court proceeding. Cimini claims he is not seeking this Court to issue any divorce, alimony or child custody decrees; rather, he claims he is:

> strictly removing the instant state court action into the jurisdiction of this federal court, for the express vindication of his civil and constitutional rights, as

[2]The Court notes that Cimini's ability to pay the $150.00 filing fee only weeks after he sought *in forma pauperis* status in the earlier case raises questions about the veracity of his assertion of indigency.

> well as the reciprocal rights of his minor child, and for various damages of awards for general malfeasance and federal torts committed by the Respondent and collateral parties to the instant state action, including, but not limited to, numerous violations of civil and constitutional rights; interference with visitation and custody of minor child; interference with strict parental rights; abuse and neglect thrusted upon the minor children, and conspiracies to conceal and shelter the same; Common Law rights fraud; general fraud; child support fraud; refusals to obey mandatory requirements under conflicts of interest and other state laws; equal custody rights; sheltering of the Respondent's criminally violent attacks against this Defendant; multiple illegal evictions performed against the Defendant and his minor children; threats; intimidation; failure of the branches to maintain proper separation of powers; abuses of power; and other associated manifest injustices committed by the Respondent and certain collateral parties to the instant action.

Memorandum in Support for Petition for Removal (#4), pps. 4-5. Cimini states the express details of the alleged causes of action are not necessary for a determination whether this case may be removed, and promised to provide them to the Court if required.

Amongst other things, Cimini challenges the state court's Best Interest Policy as violative of the Eighth Amendment, claiming that such a policy creates a situation where the state "owns" all minors within the Commonwealth, and therefore is an

impermissible intrusion on parental property interests, and is cruel and unusual punishment. (Petition to Amend (#6) ¶¶1-3). Cimini also challenges the collection of child support by the Commonwealth of Massachusetts.

ANALYSIS

I. Duplication of Claims

Even without the benefit of the underlying pleadings in the state action, it is apparent that Cimini is once again raising claims which have already been raised unsuccessfully in the prior civil action in this Court, but this time he is attempting to couch the clearly domestic relations issues in terms of federal questions, in an effort to take this matter out of the state court system, and to circumvent the dismissal in the prior federal action. The Court will not permit Cimini's attempt to raise these matters in this fashion, by artful pleading.

Moreover, although Cimini claims to seek removal of the state court action, it appears that he is seeking to add new claims in order to litigate the child support collection process, and levying by the Commonwealth of Massachusetts Department of Revenue, Child Support Enforcement Division.[3]

---

[3]Plaintiff seeks an order of contempt, and also claims monetary damages against the Department of Revenue. The Department of Revenue is an agency of the Commonwealth of

Cimini may not obtain removal jurisdiction by raising new claims by asserting federal constitutional rights in this fashion. "...[t]he existence of a federal question must be determined from the allegations in the complaint, without reference to other documents such as the petition for removal or the answer." Morisey v. Raggi, 2005 WL 646052 (D. Mass. March 21, 2005)(Zobel, J.)(remanding father's action regarding custody and visitation rights of his children, and quoting James v. Bellotti, 733 F.2d 989, 992 (1st Cir. 1984)). Judge Zobel further found in Morisey that:

> In asserting that [the father's] "petition for removal is strictly *not* about a typical domestic relations action...," petitioner misplaces his focus on the concepts, claims and defendants newly introduced in the petition instead of those contained in the underlying pending domestic actions....He makes no argument--and there appears to be no winning argument to be made--that the pending domestic actions themselves merit federal jurisdiction. In fact, petitioner specifically explains that he "is expressly *not* asking this Court, nor seeking in any way, to issue any divorce, alimony, or child custody decrees," as he understands such "would be recognized as an improper instrusion against federalism and comity concerns for original state jurisdiction over what is considered basic matters of family law....

---

Massachusetts. See M.G.L. c. 14 § 1, et. seq. As such, Cimini's claim for money damages is barred by the Eleventh Amendment, which prohibits suits by private citizens against a state.

Morisey v. Raggi, 2005 WL 646052 at * 1. As in Morisey, Cimini has misplaced his focus. Accordingly, for the reasons set forth in this Court's earlier Memorandum and Order entered in C.A. 05-10027-WGY, incorporated by reference herein, and for the reasons stated herein, this Court finds removal jurisdiction has not been properly invoked in this case.

II. Domestic Relations Exception.

As noted in the Memorandum and Order in C.A. 05-10027-WGY, Federal courts have traditionally declined to exercise jurisdiction over matters involving domestic relations such as divorce, custody, and support disputes. "The domestic relations exception 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" Norton v. McOsker, 407 F.3d 501, 505 (1st Cir. May 19, 2005) quoting Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992). The reason for this is that federal courts should not "[meddle] in a realm that is peculiarly delicate, that is governed by state law and institutions (e.g. family courts), and in which inter-court conflicts in policy or decrees should be kept to an absolute minimum." Id. "The limitation is one on subject matter jurisdiction." Dunn v. Cometa, 238 F.3d 38, 41 (1st Cir. 2001). However, "it is clearly established in this circuit that if a case is closely related to a matter of divorce or

alimony, then the 'federal court-even when it has jurisdiction-may abstain for reasons of comity and common sense from cases better handled by the state courts having authority over matrimonial and family matters.'" Beliveau v. Beliveau, 655 F. Supp. 478, 479 (D. Me. 1987) (quoting Armstrong v. Armstrong, 508 F. 2d 348, 350 (1st Cir. 1974)); See also Bates v. Bushey, 407 F. Supp. 163, 164 (D. Me 1976)(domestic relations exception treated both as a limitation of subject matter jurisdiction and as a principle of abstention). The domestic relations exception "has been held to apply in both "arising under" and "federal question" cases." Karlson v. Karlson, 1993 WL 616447, at *1 (D.R.I. 1993), (citing Fernos-Lopez v. Lopez, 929 F.2d 20 (1st Cir. 1991)).

Cimini argues that the domestic relations exception to jurisdiction is not applicable in this case. The Court disagrees, and finds that any determination by this Court as to the alleged violations would necessarily implicate delving into the marital and/or parental relationship, as well as the rulings in the state probate and family court proceedings. See, e.g., Congleton v. Holy Cross Child Placement Agency, Inc., 919 F.2d 1077, 1079 (5th Cir. 1990) (affirming dismissal; exception applies if hearing the claim necessitates involvement in domestic issues by requiring inquiry into the marital or

parent-child relationship.) Here, the issues raised by Cimini are so inextricably intertwined with domestic relations matters more properly left to the family court. These include Cimini's express claims in this case of "interference with visitation and custody of minor child", "interference with strict parental rights", and "abuse and neglect thrusted upon the minor children."

While the Court is cognizant that the scope of the "domestic relations" exception is narrow, Norton, 407 F.3d at 505, the doctrine governs the claims such as those made by Cimini, even where they are cloaked in the "trappings" of another type of claim. Mandel v. Town of Orleans, 326 F.3d 267, 271 (1st Cir. 2003).

As noted previously, in his removal papers, Cimini attempts to couch his claims as presenting federal questions, in order to invoke the federal question jurisdiction of this Court, rather than the diversity jurisdiction. The Court however, finds that Cimini's claims are nothing more than a thinly-veiled attempt to seek relief from this Court concerning child custody and support orders as well as the consequences which have flowed from them. This Court is not the proper forum to do so.

Accordingly, the Court declines removal jurisdiction for

the reasons stated herein, and directs that this action shall be Remanded to the Probate and Family Court for Middlesex County.

III. Adequate State Law Remedies to Challenge Child Support Collection Procedures

The Court further notes, without deciding, that Cimini's due process claims regarding the methods of collection of child support appear to be premature, since he appears to have an adequate state law remedy available to challenge the collection and levying procedures with respect to any child support payments owed pursuant to a state court order. A § 1983 due process claim does not come to fruition until the state fails to afford such process to the complainant. A post-deprivation remedy is adequate when procedural due process claims relate to random deprivations by the state, and the plaintiff must seek relief in state court. See Parrott v. Taylor, 451 U.S. 527, 541 (1981). However, if the state deprivation is predictable, that state must provide a pre-deprivation remedy. See Zinermon v. Burch, 494 U.S. 113, 132 (1990). In either case, however, Cimini has not shown that the state remedy is inadequate. In Zinermon, the Supreme Court of the United States stated:

> The constitutional violation actionable

> under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process. Therefore, to determine whether a constitutional violation has occurred, it is necessary to ask what process the State provided, and whether it was constitutionally adequate. This inquiry would examine the procedural safeguards built into the statutory or administrative procedure of effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law.

Zinermon, 494 U.S. at 126.

In this case, Chapter 119A of the Massachusetts General Laws provides for a child support enforcement program. See M.G.L. c. 119A § 1. Section 6 provides that the Department of Revenue may collect on arrearages in child support payments owed pursuant to a court order. These collection procedures include the use of lien, levy and seizure. M.G.L. c. 119A § 6. "One who is subject to such collection procedures may make a request for administrative review, pursuant to M.G.L. c. 119A § 17." Brook v. Adams, 1994 WL 902932, *2 (Mass. Super. 1994); See also Naranjo v. Department of Revenue, 63 Mass. App. Ct. 260, 825 N.E. 2d 1051 (Apr. 14, 2005). Section 17 also provides for review of an administrative decision in the court where the support order was issued, or in the probate court in the county where the appellant resides. M.G.L. c. 119A § 17 (emphasis added).

In view of this statutory provision, the Court rules that

reviews of child support collection processes under the auspices of a court order, also fall within the purview of the domestic relations exception, as outlined above.

IV. Pending Motions

In view of the Order directing Remand, Cimini's pending motions, including the Motion for Summary Judgment (#7), Motion for Contempt (#8), and Motion for Default Judgment (#13) are all denied without prejudice, and shall be terminated as pending in this Court's docket.

CONCLUSION

Based upon the foregoing, it is hereby ORDERED that the above captioned matter is REMANDED to the Probate and Family Court for Middlesex County. It is FURTHER ORDERED that Mark Cimini's Motion for Summary Judgment (#7), Motion for Contempt (#8), and Motion for Default Judgment (#13), are denied without prejudice in view of this Order for Remand.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
CHIEF, UNITED STATES DISTRICT JUDGE

Dated: July 18, 2005