IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Cause No: 05 – 10125 ~~RCL~~ WGY

Margaret Cimini,

        Plaintiffs,

vs.

Mark Cimini

        Defendant,

State Case No. 97D-4115-DV1

**Mandamus based upon previous Remand from this Court**

    This court Remanded this case to state court. I would remind this court that I stated in accepting the remand (when I withdrew my Appeal) that the state would fail to provide Due Process. This Mandamus is a direct result of the lower state court outright refusal to honor all the issues in the Remand, the lower state court's refusal to provide Due Process, and the lower state court failing to answer the question of jurisdiction.

    The original reason for approaching the Federal Courts was an utter lack of Process and Due Process exhibited by the state courts. For example:

- April of 2004, I filed a motion for change of custody and child support modification but the clerk's office of the Middlesex Probate and Family Court would not provide your Defendant, a pro se litigant, a hearing date for the issues.
- Furthermore, the Massachusetts Department of Revenue also took money from your defendant without a hearing or a Judge's signature (on the authorization of an agent of the DOR), a violation of Federal law and a violation of Process and Due Process. In fact, the DOR refused repeated attempts by your Defendant to obtain a hearing. This taking of property without Due Process under color of authority (a member of the Executive Branch cannot provide Due Process) carries the possibility of both prison and a fine.

Regarding jurisdiction, please note that the lower court has failed to address the fact that at the signing of the Constitutions, state and Federal, custody determination were made at law, under strict rules of Natural/Common Law.  To further back-up this claim, note the fact that **the Massachusetts Supreme Judicial Court (hereafter SJC) had exclusive jurisdiction of divorce and custody issues till 1889 but was only granted equity jurisdiction in 1877,** see below for more details.

1.) On remand, this case was assigned to Judge Edward Donnelly of the Middlesex County Probate and Family Court.

2.) A hearing was held on October 4th in which your defendant clearly stated that the issues required a trial by jury and most likely required a transfer to a different court to hear all the issues.

3.) Following that hearing, Judge Donnelly issued a Memorandum and Order stating that he would retain jurisdiction and only deal with a select sub-set of the issues in the Remand from this court, see Attachment 1.

4.) The Defendant, not wanting to unduly burden the Federal court, subsequently wrote a Motion to Stay the Memorandum and Order until a new hearing could be had on the subject.

5.) A subsequent hearing was held on December 6th, 2005.

6.) Again the issue of addressing all the issues was presented.  Judge Donnelly stated that the Probate and family Court did not have jurisdiction to handle all the issues in the Federal Remand.

7.) Subsequent to this hearing, Judge Donnelly again stated, by simply stamping a copy of the front page of your Defendant's Motion to Set Aside, noting that the motion was denied, see Attachment 2, indicating that he would not adjudicate all the issues in the Remand nor would he transfer the matter to a court with complete jurisdiction.

8.) It is your Defendant's firm belief that in Order for Due Process to be provided, all the issues in the Remand from Federal Court must be adjudicated, not a subset defined by Judge Donnelly.

9.) Following two hearings and two written responses from the Middlesex Probate and Family Court, it is clear that the neither the state nor Federal Constitutional issues will be addressed. Instead, Judge Donnelly has clearly dismissed all but custody from the issues presented to the Federal court.

**Mandamus**

## Noted on the Record

10.) The legislature in Massachusetts (prior to the signing of the state Constitution), and the executive branch (subsequent to signing the state Constitution), had to be petitioned for a divorce. It was not until 1785 (Statutes 1785, Chapter 69) that the SJC was given EXCLUSIVE jurisdiction over divorce and custody cases. It is important to note that it was not until 1877 (Statutes 1877, Chapter 178) that the SJC was given equity jurisdiction. In 1889, Superior Court (Statutes 1889, Chapter 332) and in 1922, Probate Court (Acts 1922, Chapter 542) were given jurisdiction over divorce and custody issues.

11.) To summarize, divorce and custody had to have been done AT LAW for the first 92 years of the 104 years of exclusive SJC jurisdiction.

12.) Therefore, the state is acting in direct violation of the concise rule of law by adjudicating custody issues under equity. Equity cannot act when there is full and complete remedy at law and the government cannot convert those things that had been done AT LAW at the signing of the Constitution into equity.

13.) The Preamble[1] to the Massachusetts Constitution is an introductory statement and summarizes the intention. The preamble of the Massachusetts Constitution specifically defines the framework for our government, calling upon "natural rights", the great (Lockean Natural Law) "social compact", and to be guided by the "great Legislator of the universe" in establishing the "Constitution of the Commonwealth of Massachusetts." This Commonwealth was set-up to protect Natural Law, Common Law, and Property rights. The state, in Probate and Family court, is violating the Preamble; therefore these acts are Unconstitutional.

14.) It can be clearly shown via legal citations in and around the signing of the Constitutions (state and Federal) that in both America and England custody was determined under rules of Natural and Common law, see *Commonwealth v. Briggs*, 33 Mass. 203 (1834) and *De Manneville v. De Manneville*, 10 Ves. 51, 60 (1804).

---

[1] An introductory statement (as to a contract); especially : the introductory part of a constitution or statute that usually states the reasons for and intent of the law , Dictionary.com, http://dictionary.reference.com/search?q=preamble

**Mandamus**

15.) *Commonwealth v. Briggs*, 33 Mass. 203 (1834) (hereafter *Briggs*), clearly shows that child custody was not an action in equity. *Briggs* clearly shows that the action was at law under rules of Natural/Common Law, not equity.

16.) Custody determination in England at the time of the signing of the Constitutions or Bill of Rights was a Natural/Common Law determination devoid of any equity component. A prime example of this can be seen in *De Manneville v. De Manneville*, 10 Ves. 51, 60 (1804) the English court was specifically asked to use its equity jurisdiction and intervene with parens patriae against the "legal, natural, right of the father to have the custody of the person of his child.." **THE COURT COULD NOT.** Therefore, even in England, equity could not be sustained against Natural Law, at law custody determinations. Also see *Rex v. De Manneville*, 5 East 222, 223 (1804).

17.) Although many American courts correctly noted that aspects of divorce determinations were made in a chancery court in England, which had great equity powers, they failed to distinguish that:

  a. custody was an AT LAW decision per *De Manneville*, and

  b. the courts of chancery could not use their equity powers to overcome the Natural and Common Law jurisdiction, see *De Manneville*.

18.) "The jurisdiction of equity court, gradually developed by the chancellor, was limited only by the chancellor himself. There were two important limitations, both adopted to avoid any clash with the common-law courts. **One was that equity would not interfere where there was an adequate remedy at common law; the other was that equity would act merely against the person of the common law plaintiff or defendant and therefore affect the legal right only in that indirect fashion.**", Clark's Summary of American Law, Equity, p 233. [Emphasis added]

19.) The United States government in establishing its own legal system adopted "that suits in equity shall not be sustained in either of the courts of the United States, in any case where plain, adequate, and complete remedy may be had at law.", Judiciary Act of 1789 "an architectonic act still in force."

20.) Natural rights fall under Fundamental or Substantive rights. Fundamental Rights inhere to the Individual and require strict scrutiny. Additionally, parental rights are Liberty Interests protected under multiple state and Federal Constitutional rights (see various rulings by the

US Supreme Court) to include at least the 14th Amendment. Liberty Interests and thereby require greater protection than any other fundamental right.

21.) The state has used equity to directly effect (diminish) rights of citizens and provide rights *in rem* where none existed, i.e., married men held superior title to there children and unmarried women held superior title to their children under Natural and Common Law.

22.) Blackstone described the Laws of Nature and of Nature's God in a chapter in his Commentaries entitled, Section The Second, "Of the Nature of Laws in General." (Available online at                              ). Interestingly:

"Man, considered as a creature, must necessarily be subject to the laws of his Creator, for he is entirely a dependent being. And consequently, as man depends absolutely upon his Maker for everything, it is necessary that he should, in all points, conform to his Maker's will. This will of his Maker is called the law of nature.

This law of nature, being coeval with mankind, and dictated by God himself, is of course superior in obligation to any other. It is binding over all the globe in all countries, and at all times: no human laws are of any validity, if contrary to this; and such of them as are valid derive all their force and all their authority, mediately or immediately, from this original. The doctrines thus delivered we call the revealed or divine law, and they are to be found only in the holy scriptures. These precepts, when revealed, are found upon comparison to be really a part of the original law of nature, as they tend in all their consequences to man's felicity [happiness].

Upon these two foundations, the law of nature and the law of revelation, depend all human laws; that is to say, no human laws should be suffered to contradict these."

23.) In administering Natural Law, the state initially viewed itself merely as implementing God's Will. Consequently it could not allow a trial by jury, or any other impudence questioning God's Will. The responsibility of implementing God's will became too easily confused with the presumptive right of the state to determine God's Will. This led the judiciary to purport to possess unlimited power over custody decisions that God, according to Natural Law, had placed in the hands of Fathers with regard to their children. In theology, this is apostasy; at law, it is FRAUD.

24.) A Natural Law based government (i.e., one based on a social compact) does not have the right to interpret the laws of Nature or of Nature's God; instead, a Natural Law based

government is designed to enforce those natural rights. The conversion into equity is a fundamental violation of the rule of law in a social compact based government.

25.) In *Helms v. Franciscus*, 2 Bl. Ch. (Md.) 544 (1830), the court held that:

> "The father is the rightful and legal guardian of all his infant children; and in general, no court can take from him the custody and control of them,... Yet even a court of common law will not go so far as to hold nature in contempt, and snatch helpless, puling infancy from the bosom of an affectionate mother, and place it in the coarse hands of the father. The mother is the softest and safest nurse of infancy, and with her it will be left in opposition to this general right of the father."

26.) This is the state's modified version of (immutable and unalienable) Natural Law, known as the "Tender Years" doctrine, but note that the determinations are still within the confines of at law jurisdiction. It is the contention of these pleadings that custody, and for that matters all family law, should remain under Natural Law, not under equity, and citizens have a right to at law determinations over these matters. That the state has no authority, Constitutional or otherwise to convert these rights to equity.

## Prayer for Relief

27.) This court order that a lower state court of competent jurisdiction answer all the issues in the Remand to include:

  a. Conversion from Natural Law to equity determination for custody issues,
  b. Address the Natural Law requirement for the state to protect the innocent and only punish when a law or contract is broken,
  c. Address the unlawful takings of property and violation of Federal Law,
  d. Address the failure of the Middlesex Probate and Family Court to provide you Defendant with a hearing back in April of 2004 and for the state to provide remedy for this injury,
  e. Addressing the current custody practices against multiple US Supreme Court rulings with regard to the parent child relationship, and
  f. Address the Equal Protection issues with respect to children who are affected by the combination of both birth order and divorce order, and married verses unmarried parent rights.

28.) Require that the lower court adjudicate custody under Natural Law, at law jurisdiction in order for Due Process to be done with regard to custody determination. The state cannot

**Mandamus**

exercise equity jurisdiction and claim parens patriae since the parent child relationship is protected under Natural/Common Law under at law jurisdiction. Under at law jurisdiction, the only jurisdiction available to a Natural Law based government addressing family matters, parens patriae can only be used to rescue a child.

29.) Alternatively, this court should reverse its earlier remand and exercise its jurisdiction over all of these issues so that Due Process is provided to all of your Defendant's arguments.

## Notice To Parties

Defendant now and hereby provide his formal Notice of the above to all interested parties, of record or otherwise, within and surrounding the above-encaptioned state court proceedings.

Respectfully submitted,

*/s/ Mark Cimini*
Mark Cimini

## VERIFICATION

I hereby declare, verify, certify and state, pursuant to the penalties of perjury under the laws of the United States, and by the provisions of 28 USC § 1746, that all of the above and foregoing representations are true and correct to the best of my knowledge, information, and belief.
Executed at Westford, MA, this 19th day of December 17th, 2005.

*/s/ Mark Cimini*
Mark Cimini

## CERTIFICATE OF SERVICE

I hereby certify that, on this 19th day of December, 2005, a true and complete copy of the foregoing petition for Mandamus, by depositing the same in the United States mail, postage prepaid, has been duly served upon all parties of record in the lower state proceedings, to-wit:

| Probate and Family Court<br>208 Cambridge Street<br>East Cambridge, MA  02141 | Gerald Venezia<br>348 Park Street South 201<br>North Reading, MA ~~01889~~ 01864 |
|---|---|
| Annapurna Balakrishna, room 2019<br>Assistant District Attorney<br>One Ashburn Place<br>Boston, MA 02108-1598 | |

and, note that the same is being also filed this same date with the state trial court.

*[signature: Mark Cimini]*
_____
Mark Cimini

Mark Cimini
12 Maple Road
Westford, MA 01886
(978) 692-4556
m.cimini@att.net

COMMONWEALTH OF MASSACHUSETTS
THE TRIAL COURT
PROBATE AND FAMILY COURT DEPARTMENT

Middlesex, ss.                                                    Docket No. 97D 4115

**MARK K. CIMINI,**
        plaintiff

v.                                                       MEMORANDUM AND ORDER

**MARGARET R. CIMINI,**
        defendant

     Pending before this court is a complaint for modification of custody and child support filed by the plaintiff on April 15, 2004.

     Also in the court file is an order of remand from Hon. William G. Young, Chief Judge of the United States District Court for the District of Massachusetts.

     The issue before the court on October 4, 2005, was the plaintiff's demand for a jury trial. The court also used the hearing as an opportunity to hold a case management conference.

     It is well settled law in Massachusetts that there is no right to a jury trial in divorce litigation. In *Bigelow v. Bigelow,* 120 Mass. 320 (1876), at 321-322, the Supreme Judicial Court stated, "By the Constitution of the Commonwealth in accordance with the practice under the Charter of the Province, the jurisdiction in cases of divorce and alimony was vested in the Governor and Council, until transferred by the St. of 1785, c. 69, to this court, where it has remained. . . A trial by jury was never had in such cases until it was allowed on libels for divorce by St. of 1855, ch. 56; Gen Sts. c. 107, §15. The fifteenth article of the Declaration of Rights, affirming the right of trial by jury "in all controversies concerning property, and all suits between two or more persons" excepts "cases in which it has heretofore been otherways used and practiced.""

     In *Bucknam v. Bucknam,* 176 Mass. 229 (1900), at 231, the SJC held, "We think that this statute, in its application to a wife in need of support from a



husband who fails to perform his marital duties in the family while she is living with him, is merely an enlargement and extension of the remedies existing in cases of marriage, divorce, and alimony, before the adoption of the Constitution. It therefore falls within a class of subjects which, previously to the adoption of the Constitution, were judicially dealt with without a trial by jury."

The plaintiff's demand for a trial by jury is denied.

It is ordered:

1. That the plaintiff may amend his complaint, if he so chooses, within 14 days of this order. Amendments to the complain not within the subject matter jurisdiction of this court as set forth in the General Laws will be dismissed;

2. That all discovery shall be completed on this matter within 90 days;

3. That this matter is set down for a pretrial conference on February 1, 2006, at 9:00 am.

October 27, 2005

*Edward F. Donnelly, Jr.*
Edward F. Donnelly, Jr.
Justice of the Probate and Family Court

**Middlesex County Probate and Family Court**

Margaret Cimini,

    Plaintiff,

vs.

Mark Cimini

    Defendant,

CASE No. 97D-4115-DV1

**Motion to Set Aside**

Middlesex, SS __12/6/05__
The Above Motion Is Hereby
~~Allowed~~ - Denied

_Edward F. Donnelly Jr_
Justice of Probate

In response to the Memorandum and Order from this court dated 27 October 2005 the following reasons are put forth in support of the Motion to Set Aside:

Procedural Issues

1.) I, Mark Cimini, am the Defendant in the matter 97D-4115 not the Plaintiff.

2.) The names on the document are improper, no rules of the English language permit the use of all capitalization in someone's name. Any such characterization is a fiction.

3.) The Pre-Trial Notice did list me as Mark C. Cimini. I have never gone by that name. Any such characterization is a fiction.

4.) The court has not addressed the unlawful issue of conversion from Common Law actions into Equity.

5.) The court can not disregard selected issues within the Remand. Doing so would be a violation of Due Process.

6.) Furthermore, the Memorandum and Order failed to address the issue of Default in Federal Court. This oversight is another example of lack of Due Process.

7.) Forcing a Common Law Matter into Equity jurisdiction is a violation of Due Process.

8.) Any violation of DUE PROCESS voids the court's jurisdiction.

9.) Equity was never a component of divorce or custody before or after the signing of the Constitution and therefore does not fall under the clause "heretofore been otherwise used and practiced." Conversion from Common Law to Equity is Unconstitutional and unlawful.

Set Aside

Page 1 of 8        29

filed 11-2-05